1  ASHTON M. RILEY (SBN 310528)
   ariley@fisherphillips.com
2  TUAN Q. NGUYEN (SBN 312153)
   tqnguyen@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile:  (949) 851-0152

6  Attorneys for Defendant
   ACCENT CONTROLS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO - CENTRAL COURTHOUSE

| | |
|---|---|
| YUKA LEANDER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCENT CONTROLS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:   24CU009683C<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Loren Freestone, Dept. C-64*<br><br>DEFENDANT ACCENT CONTROLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF YUKA LEANDER COMPLAINT<br><br>Complaint Filed: 09/05/24<br>Trial Date:        None Set |

//
//
//
//
//
//
//
//

DEFENDANT ACCENT CONTROLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, ACCENT CONTROLS, INC., ("Defendant") responds to Plaintiff's complaint as follows:

### ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified complaint.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each cause of action therein, is barred by a Collective Bargaining Agreement ("Agreement") among Plaintiff and Accent Controls, Inc., which requires Plaintiff to any employment claims through the grievance and arbitration process set forth in the Agreement. The Agreement states "Grievances arising between the Company and its employees subject to this Agreement, or the Company and the Union, with respect to the interpretation or application of any of the terms of this Agreement, shall be settled according to the following procedure and in accordance with applicable law." The Agreement further states that "Employees shall submit individual wage claims under local, state and federal law through the grievance and arbitration process set forth herein." Plaintiff's claims arise from and are subject to the Agreement. Defendant is entitled to enforce the Agreement and Plaintiff is estopped from disclaiming the Agreement.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

4. By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff was paid all wages due on a timely basis.

## EIGHTH AFFIRMATIVE DEFENSE

8.  At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

## NINTH AFFIRMATIVE DEFENSE

9.  The Plaintiff's claim for statutory penalties pursuant to Labor Code section 226 is barred because Defendant at all times acted with the good faith belief that it was in compliance with the requirements of Labor Code section 226.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is not a proper or adequate representative with respect to some or all of the Class claims.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Permitting this action to proceed as a representative action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claim alleging that she and other allegedly similarly situated employees are owed penalties and/or other compensation based on Defendant's alleged failure to pay for all hours worked lacks merit to the extent that work performed by Plaintiff and other employees was not authorized, suffered, or permitted by Defendant and/or was performed without Defendant's knowledge and/or control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendant authorized and permitted Plaintiff and other allegedly employees to take rest periods pursuant to the applicable Industrial Welfare Commission Wage Order.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendant provided Plaintiff and other allegedly aggrieved employees with off-duty meal periods of at least thirty (30) minute duration pursuant to the applicable Industrial Welfare Commission Wage Order, and Labor Code section 512.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred to the extent that she was not subject to control by Defendant, nor suffered or permitted to work on behalf of Defendant, nor engaged by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's purported claim for waiting time penalties pursuant to Labor Code section 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that all compensation was paid as required by law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claim alleging that Plaintiff and allegedly aggrieved employees were owed reimbursements and other compensation based on Defendant's alleged failure to reimburse Plaintiff and allegedly aggrieved employees for required business expenses lacks merit because Defendant, at all times, complied with California Labor Code section 2802.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE**, this answering Defendant prays as follows:

19. That Plaintiff take nothing by her complaint for damages;

20. That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

21. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

22. That the court award such other and further relief as it deems appropriate.

DATE: October 9, 2024                FISHER & PHILLIPS LLP

By: _____
ASHTON M. RILEY
TUAN Q. NGUYEN
Attorneys for Defendant
ACCENT CONTROLS, INC.

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On **October 9, 2024,** I served the foregoing document entitled **DEFENDANT ACCENT CONTROLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF YUKA LEANDER COMPLAINT**, on all the appearing and/or interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Nicholas J. Ferraro, Esq.<br>Lauren N. Vega, Esq.<br>Xavier L. Woodford, Esq.<br>FERRARO VEGA EMPLOYMENT LAWYERS, INC.<br>3333 Camino del Rio South, Suite 300<br>San Diego, California 92108 | Attorneys for Plaintiff<br>YUKA LEANDER<br><br>T: (619) 693-7727 \| F: (619) 350-6855<br>E: nick@ferrarovega.com<br>E: lauren@ferrarovega.com<br>E: xavier@ferrarovega.com |

☒ **[by ELECTRONIC SERVICE]** – Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the aforementioned document(s) to be sent to the persons at the electronic notification addressee(s) listed.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **October 9, 2024**, at Irvine California.

DOROTHY MJ. WANG
Print Name

By: *Dorothy Mj. Wang*
Signature

58560.0008

1
PROOF OF SERVICE